NOTE.

NEW YORK ·SUPERIOR COURT.

HENRY WESTHEIMER agt. JACKSON S. SCHULTZ and others.

HENRY EISNER agt. THE SAME.

JOSEPH SCHWARTZCHILD agt. THE SAME.

MICHAEL DONAHUE agt. THE SAME.

CHRISTIAN GIES agt. THE SAME.

*Special Term, July* 27, 1866.

In some of these cases temporary injunctions had been granted by Justice McCUNN. In others orders to show cause were granted for the reasons given in the following· opinion :

CHRISTIAN GIES agt. JACKSON S. SCHULTZ and others, COMMISSIONERS OF THE METROPOLITAN BOARD OF HEALTH.

McCUNN, J. This is an *ex parte* application for an injunction against the Board of Health, to prevent them from interfering with the plaintiff's fat-melting establishment on the west side of our city. On the papers presented to me, I would not be justified in granting such injunction. I think it is the duty of the court to inquire carefully into the facts of the case before exercising its power to restrain ; at the same time I desire to place all the parties in such a position that they can be heard ; and if I believe, after hearing, no injurious effect can be sustained by the public health, then such injunction should be granted. On the contrary, if I think that disease of any kind would be superinduced in the slightest degree by the continuing of such establishments, then it is the imperative duty of the court to peremptorily deny the relief sought. This course may be inconvenient to parties interested in this class of business, but I think the public health of our great city requires it. In the meantime they shall have a prompt hearing, and if they are entitled to the relief claimed, it shall be promptly granted.

The cases of *Eisner* agt. *Schultz and others,* and *Westheimer* agt. *Schultz and others,* wherein I granted injunctions, are not precedents. In those cases the Board of Health gave the plaintiffs permission to continue their business under certain improvements ; but even there I have changed my orders of injunction to orders to show cause. Instead, therefore, of an injunction, I will direct that an order to show cause be served upon the Board of Health, returnable at a short day, but without an injunction or stay. This course will only entail upon such establishments (if they are correct in what they allege), a suspension of business for a few days ; and where the health of at least a million of human beings is in jeopardy in this fatally hot weather, the inconvenience is so small, that suitors, I am quite sure, will readily see the propriety of this course.

Let there be an order accordingly entered in this case to that effect. The case of *Joseph Schwartzchild* will take the same course.

Subsequently, after full argument, injunctions were denied by the same judge, substantially for the reasons stated in the common pleas.

STILLWELL & SWAIN, JOHN E. BURRILL, BEEBE, DEAN & DONOHUE, *and* J. & R. DAVIDSON, *for plaintiffs.*
CHARLES TRACY *and* GEORGE BLISS, JR., *for defendants.*